UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL PULIDO, et al.,

    Plaintiffs,

v.                                      CASE NO: 8:10-cv-1252-T-23MAP

TAMPA INJURY CENTER, LLC,
VALUE TRANSPORTATION SERVICES,
LLC, and ROBERT SITNER,

    Defendants.
_____/

## ORDER

The plaintiffs sue under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and allege claims arising from their employment. The parties move (Doc. 14) for approval of a proposed settlement. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

The parties state that the settlement represents a bona fide compromise of disputed factual issues. The parties also state that each party faces substantial litigation risk and expense and that the agreement includes each term and condition of the settlement. See Dees v. Hydradry, Inc., 706 F.Supp.2d 1227 (M.D. Fla. 2010), (Docs. 14 and 14-1). The settlement agreement provides that the defendants will pay $2,250.00 to Raul Pulido and $2,250.00 to Osmany Pulido. Additionally, the defendant will pay $4,300.00 in attorney's fees and $700.00 for costs. (Doc. 14-1, Page 2) The parties represent that the parties agreed to the plaintiffs' attorney's fees separately and

without regard to the amount paid to settle the plaintiffs' FLSA claims.  See <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F.Supp.2d 1222 (M.D. Fla. 2009), (Doc. 14).

The parties request that "the Court approve the parties' settlement and retain jurisdiction" to enforce the settlement (Doc. 14-1, Page 2) but fail to provide a reason to retain jurisdiction.  A federal court does not ordinarily retain jurisdiction to enforce a settlement agreement.  <u>Kokkonen v. Guardian Live Ins. Co. of America</u>, 511 U.S. 375 (1994).

The settlement agreement provides a "fair and reasonable resolution of a bona fide dispute." <u>Lynn's Food Stores</u>, 679 F.2d at 1355.  Accordingly, with the exception of the request to retain jurisdiction, the parties' motion (Doc. 14) for approval of the amended settlement agreement is **GRANTED**, and the settlement agreement is **APPROVED**.  In accord with the parties' settlement agreement, this action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on January 7, 2011.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE